**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Gregory R. Nyhus
Assistant U.S. Attorney
greg.r.nyhus@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

May 31, 2022

Mark Ahlemeyer
Assistant Federal Defender

>   Re: *United States v. Anthony Amoss*
>   Case No. 3:22-cr-00130-HZ
>   Plea Agreement Letter

Dear Mr. Ahlemeyer:

**1.    Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

**2.    Charges**: Defendant agrees to enter a plea of guilty to Count 1 of a superseding information charging a violation of Title 18 U.S.C. § 1361(a) and alleging that on or about March 13, 2021, defendant willfully damaged and destroyed, and attempted to damage or destroy, property owned by the United States, that is, glass windows of the Mark O. Hatfield United States Courthouse.

**3.    Penalties**: A violation of Title 18 U.S.C. § 1361 is punishable by a maximum of one year in prison, a fine of up to $100,000, a ~~three~~ one [MA GRN] year term of supervised release and a $25 fee assessment. Defendant agrees to pay the $25 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

**4.    No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement. At the time of sentencing the government will dismiss the remaining charges.

**5.    Recommendation**: The parties agree to recommend a sentence of "time served" and one year of supervised release, subject to the standard conditions and including the special condition that defendant complete 40 hours of community service work.

**6.    Elements and Admissions**: Defendant agrees that the government could prove beyond a reasonable doubt the following elements, and admits to the factual basis, below.

Mark Ahlemeyer
Re: Anthony Amoss
Page 2

---

*Elements*:

In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

First, the defendant attempted to injure or commit a depredation against property;

Second, the property involved was property of the United States or of any department or agency thereof, or property that had been or was being manufactured or constructed for the United States, or for any department or agency thereof; and

Third, the defendant acted willfully.

*Factual Basis*

On the early evening of March 13, 2021, video surveillance of the southwest corner of the Mark O. Hatfield United States Courthouse was actively recording a civil disturbance in the area of 3rd Avenue and Main, in Portland, Oregon. Video recorded an individual, later identified as the defendant, throw more than 9 objects in the direction of the windows of Mark O. Hatfield United States Courthouse. On March 13, 2021, several windows were broken at the courthouse during a time defendant was actively engaged in throwing rocks.

7. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

8. **Court Not Bound**: The Court is not bound by the recommendations of the parties. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

9. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

Mark Ahlemeyer
Re: Anthony Amoss
Page 2

---

**10. Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

**11. Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

**12. Expiration of Terms**: This term of this agreement will expire 30 days from issuance unless a change of plea has been scheduled or the government otherwise agrees.

Sincerely,

SCOTT ERIK ASPHAUG
United States Attorney

GREGORY NYHUS
Digitally signed by GREGORY NYHUS
Date: 2022.05.31 18:40:29 -07'00'

GREGORY R. NYHUS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

7/7/22
Date

ANTHONY AMOSS
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

7/7/22
Date

Mark Ahlemeyer
Attorney for Defendant